IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                          Case No. 2:2:00-cr-37

Delbert Robinson

ORDER

This matter is before the court on the defendant's motion for expungement of the records in the above case.  The record indicates that on July 18, 2000, a judgment of conviction was filed imposing a term of incarceration on defendant following his plea of guilty to one count of conspiracy to commit mail and wire fraud. Defendant now seeks to have the record of his conviction expunged.

There is no general federal statute authorizing the expungement of records.[1]  The Sixth Circuit has noted previously that "it is within the inherent equitable powers of a federal court to order the expungement of criminal records in an appropriate case."  United States v. Doe, 556 F.2d 391, 393 (6th Cir. 1977). However, even this expungement power was narrow and appropriately used only in extreme circumstances, such as illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct.  United States v. Robinson, 79 F.3d 1149 (table), 1996 WL 107129 at *1-2 (6th Cir. March 8, 1996).  The court in Robinson noted that courts had uniformly denied expungement requests regarding valid convictions, and held that the fact that defendant's conviction prevented her from obtaining more favorable employment did not

---

[1]Various statutory provisions not applicable here authorize expungement in particular circumstances, such as the Civil Rights Act, 42 U.S.C. §§1983 and 1985, the habeas corpus statutes, 28 U.S.C. §§2254 and 2255, and 21 U.S.C. §844(b)(2).

constitute extraordinary circumstances warranting expungement. Id. at *2.

On the other side of the equation, the Attorney General is required under 28 U.S.C. §534 to collect and maintain criminal records and to make them available to state and local law enforcement agencies.  United States v. Janik, 10 F.3d 470, 471 (7th Cir. 1993).  The government's interests in maintaining criminal records are presumed unless one seeking expungement can overcome them, and the burden is on the defendant to justify expungement.  Sealed Appellant v. Sealed Appellee, 130 F.3d 695, 702 (5th Cir. 1997).

Several circuits have recently addressed the question of whether federal courts, in exercising their inherent authority to expunge criminal records, have ancillary jurisdiction to order the expungement of records in cases where the request is filed in the original criminal case and no attack is made on the validity of the arrest or conviction.  In United States v. Coloian, 480 F.3d 47 (1st Cir. 2007), the court discussed the impact of the Supreme Court's decision in Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375 (1994) on expungement requests and held that the district court lacked jurisdiction to consider the motion for expungement of defendant's criminal records on equitable grounds. In Kokkonen, the Supreme Court noted that "[f]ederal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  511 U.S. at 377.  The Court further stated that the federal courts' ancillary jurisdiction serves two purposes: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually

interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Id. at 379-80.

In United States v. Lucido, 612 F.3d 871 (6th Cir. 2010), the Sixth Circuit addressed the issue of whether the district court had the authority to grant a motion requesting the expungement of arrest records and other records in the possession of law enforcement agencies. The court noted that the district court had no authority to rule on the expungement motion based on its original authority over the defendant's criminal cases under 18 U.S.C. §3231 or any other federal statute. Id. at 873-74. The court also concluded, citing Kokkonen, that the district court did not have ancillary jurisdiction to rule on the motion because the motion did not involve "factually interdependent" claims or managing the defendant's criminal cases, vindicating the court's power over the cases, or effectuating any orders in the cases. Id. at 874-75 (noting that defendant's good conduct since his acquittals, his successful investment business and his difficulty attracting clients due to the records of the indictments had nothing to do with the facts underlying his original criminal cases). The court also concluded that it's prior decision in "Doe cannot be reconciled with Kokkonen because it extends the courts' jurisdiction beyond that provided by the Constitution, by statute and by the limited doctrine of ancillary jurisdiction." Id. at 876. See also United States v. Rowlands, 451 F.3d 173, 178 (3rd Cir. 2006); United States v. Meyer, 439 F.3d 855, 861-62 (8th Cir. 2006); United States v. Sumner, 226 F.3d 1005, 1014-15 (9th Cir. 2000).

The expungement of records in this case is not necessary "to

permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent" or "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees."  Kokkonen, 511 U.S. at 379-80.  The defendant seeks the expungement of his criminal records to advance his employment and residency opportunities.  He does not allege that the conviction in his case is invalid or that the records of this court are inaccurate or contain a clerical error.

This court concludes that it has no ancillary jurisdiction over defendant's request for expungement.  Even if it is assumed that the court has inherent authority to consider defendant's motion, defendant has failed to demonstrate extraordinary circumstances which would justify the expungement of the criminal records in this case.  See Robinson, 1996 WL 107129 at *1-2 (noting that in considering expungement, the harm of maintaining the records to the defendant's employment must be balanced against government's need to maintain extensive records to aid in effective law enforcement).  Defendant's motion for expungement is denied.

Date: August 18, 2011            s\James L. Graham     
                                    James L. Graham
                                    United States District Judge